## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Changzhou Yichen Trading Co., Ltd, | Case No. 1:26-cv-00558 |
| Plaintiff, | |
| v. | **SECOND AMENDED COMPLAINT** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

## AMENDED COMPLAINT

Plaintiff Changzhou Yichen Trading Co., Ltd. (hereinafter, "Plaintiff") hereby brings this Second Amended Complaint against Defendants, the partnerships and unincorporated associations identified on Schedule "A" (hereinafter, "Defendants"), and alleges as follows:

### I. INTRODUCTION

Plaintiff brings this action against Defendants for the alleged infringement of Plaintiff's intellectual property rights. These claims arise from the infringement of Plaintiff's registered copyright (hereinafter, the "Asserted Copyright"). Defendants operate e-commerce stores on various online e-commerce platforms and use those stores to market, distribute, offer for sale, and sell infringing products that look almost identical to the products sold by Plaintiff. Plaintiff alleges that Defendants' actions constitute infringement of Plaintiff's Asserted Copyright.

### II. PARTIES

1. Plaintiff Changzhou Yichen Trading Co., Ltd. ("Plaintiff") is a company organized and existing under the laws of the People's Republic of China, with its principal place of business in China. Plaintiff operates an online e-commerce store under

the storefront name "████." Plaintiff is engaged in the business of marketing, distributing, and selling products through online e-commerce platforms, including within the Northern District of Illinois. One of Plaintiff's primary products is the ████ ██████ offered under ASIN ████████ ("Plaintiff's Product").

2. Plaintiff is the owner of a registered copyright in a group of unpublished photographic works depicting Plaintiff's ███████████, including photographs entitled ████████ through ██████████." The copyright is registered with the United States Copyright Office under Registration No. ██████████, with an effective date of registration of ███████████ (the "Asserted Copyright"). A true and correct copy of the copyright registration certificate is attached hereto as **Exhibit 1**.

3. Defendants are various companies that operate one or more e-commerce storefronts under multiple fictitious names or aliases. Defendants market, offer for sale, and sell products that unlawfully copy, reproduce, and/or embody Plaintiff's copyrighted works protected by the Asserted Copyright (the "Infringing Products"). Defendants' aliases are identified on **Schedule A**, and the Infringing Products are further identified by their corresponding ASINs and seller identification numbers on Schedule A.

4. The true names, identities, and addresses of Defendants are currently unknown and unverifiable due to the nature of their online operations. Certain aliases under which Defendants operate their e-commerce stores are not linked or associated with the true names of the Defendants. The reason why these aliases are not connected with the true names of the Defendants is that the Defendants employed such tactics to conceal their identities and the true scope of their operations. Plaintiff pleads with the Court that further discovery be allowed for Plaintiff to obtain such information regarding Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

5. Defendants conduct their illegal operations through fully interactive commercial storefronts hosted on e-commerce platforms (hereinafter, the "Infringing Storefronts"). Defendants target consumers in the United States, including the State of

Illinois, and have offered to sell and, on information and belief, have sold and continue to sell Infringing Products to consumers within the United States, including the State of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

### III. NATURE OF THE ACTION

6. This is a civil action for copyright infringement under the laws of the United States, 17 U.S.C. § 501 *et seq*.

### IV. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendants are entities subject to personal jurisdiction in this District. Defendants directly target business activities toward consumers in the United States, including Illinois, through their fully interactive e-commerce storefronts, and have offered for sale and, on information and belief, have sold and continue to sell infringing products to consumers in this District..

### V. GENERAL FACTS

9. In ████, Plaintiff applied for and obtained a copyright registration for a group of unpublished photographic works depicting Plaintiff's ██████████. Plaintiff independently conceived, created, and captured the copyrighted photographs, reflecting original creative expression in the selection, composition, lighting, and presentation of the products. Plaintiff invested substantial time, effort, and resources in producing the copyrighted photographs. Defendants' infringing conduct has caused and continues to cause significant harm to Plaintiff.

10. Plaintiff is the owner of all rights, title, and interest in and to U.S. Copyright Registration No. ████████, covering a group of unpublished photographic works depicting Plaintiff's ██████████. The copyright was duly filed and registered

with the United States Copyright Office in ███, with an effective date of ████████, ███. The Asserted Copyright is valid, subsisting, and enforceable, and protects the original creative expression embodied in Plaintiff's copyrighted product photographs.

11. Since that time, Plaintiff has continuously used the Asserted Copyright in connection with its products and marketing activities. Plaintiff owns and uses the copyrighted photographic works as part of its product listings and promotional materials and has consistently asserted its rights in the Asserted Copyright since the registration date.

12. Plaintiff has distributed and sold its products in commerce in the United States for several years and has used the copyrighted photographic works in connection with the marketing and sale of those products. Through such use, Plaintiff has established goodwill and recognition associated with its products and the Asserted Copyright.

13. Plaintiff's Product has received an average rating of 4.8 out of 5 based on ███ global ratings, demonstrating its popularity in the marketplace and the high level of customer satisfaction.

14. As a result of Plaintiff's use, promotion, and marketing of its products using the copyrighted photographic works, together with substantial sales of those products, Plaintiff has established considerable goodwill associated with the Asserted Copyright. The copyrighted photographs have become closely associated with Plaintiff's products and serve as a valuable and recognizable indicator of Plaintiff as the source of those products.

15. Plaintiff is engaged in the business of marketing, distributing, and selling its products throughout the world, including within the Northern District of Illinois, through online e-commerce platforms.

16. Recently, Plaintiff discovered that Defendants were, and continue to be, operating fully interactive and active e-commerce storefronts on online e-commerce platforms, through which they promote, advertise, market, distribute, offer for sale, and

sell products using Plaintiff's Asserted Copyright without authorization.

17. The Asserted Copyright has never been assigned or licensed to the Defendants in this matter.

18. Defendants has had full knowledge of Plaintiff's ownership of the Asserted Copyright, including its exclusive right to use and license such intellectual property.

19. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce storefronts on online e-commerce platforms that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents of Illinois.

20. Defendants knowingly and willfully import, distribute, offer for sale, and sell Infringing Products through their e-commerce storefronts on online e-commerce platforms. Without any authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and imported into the United States for resale or use products that directly and indirectly infringe Plaintiff's Asserted Copyright. Defendants' e-commerce storefronts offer shipping to the United States, including Illinois.

21. Defendants' Infringing Products are substantially similar to Plaintiff's Products, and Defendants' unauthorized copying of Plaintiff's copyrighted photographic works is apparent.

22. Without Plaintiff's authorization, Defendants have copied, reproduced, and publicly displayed photographic images that are substantially similar to Plaintiff's copyrighted photographs. These infringing images appear in Defendants' product listings on online e-commerce platforms and are used in digital images for product marketing and promotion. The copied elements include the overall composition, arrangement, lighting, and presentation of the products. The visual similarities between Defendants' images and Plaintiff's copyrighted photographs indicate direct copying rather than independent creation.

23. Defendants' sales and distribution of products using infringing copies of Plaintiff's copyrighted photographs violate Plaintiff's exclusive rights under the Copyright Act and have caused, and continue to cause, irreparable harm to Plaintiff.

24. Defendants' infringing conduct is willful and intentional, undertaken with knowledge of Plaintiff's rights or with reckless disregard thereof, and has caused and will continue to cause Plaintiff irreparable harm.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501 et seq.)

25. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

26. Plaintiff is the owner of original and creative copyrighted photographic works depicting Plaintiff's products, which are entitled to copyright protection under the laws of the United States.

27. Plaintiff is the owner of a registered copyright in a group of unpublished photographic works registered with the United States Copyright Office under Registration No. ▮▮▮▮▮▮▮, with an effective date of ▮▮▮▮▮▮▮ (the "Asserted Copyright"). The registered works include original and creative product photographs reflecting protectable artistic expression.

28. The Asserted Copyright is valid, subsisting, and enforceable. Plaintiff has not granted Defendants any license, permission, or authorization to copy, reproduce, distribute, or publicly display any of the copyrighted works protected by the Asserted Copyright.

29. Without Plaintiff's permission or authorization, and in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, Defendants have unlawfully copied, reproduced, distributed, and publicly displayed photographic images that are substantially similar to Plaintiff's copyrighted photographic works.

30. The infringing images appear in Defendants' product listings on online e-commerce platforms and are used in connection with the marketing, promotion, offering for sale, and sale of Defendants' products.

31. Defendants' conduct constitutes copyright infringement pursuant to 17 U.S.C. § 501 et seq.

32. Defendants have willfully and deliberately infringed the Asserted Copyright. Defendants' infringement is obvious, notorious, and purposeful, and was carried out with knowledge of Plaintiff's rights or with reckless disregard thereof. Defendants have no good-faith basis to claim that their conduct does not infringe the Asserted Copyright. Such willful infringement constitutes egregious conduct within the meaning of 17 U.S.C. § 504.

33. As a result of Defendants' infringement of Plaintiff's exclusive rights under Title 17 of the United States Code, Plaintiff is entitled to recover actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504.

34. In addition, the Court may, in its discretion, award Plaintiff its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

35. Plaintiff is further entitled to injunctive relief to prevent and restrain Defendants from continuing to infringe the Asserted Copyright pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert or participation with them, be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. copying, reproducing, distributing, publicly displaying, or otherwise using Plaintiff's copyrighted photographic works protected by the Asserted

Copyright, in any manner and through any medium, without Plaintiff's express authorization;

b. committing any acts calculated to cause consumers to believe that Defendants' products are authorized, sponsored by, affiliated with, or otherwise connected with Plaintiff; and

c. otherwise infringing Plaintiff's copyright and causing further harm to Plaintiff.

2. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, online marketplace platforms, such as, but not limited to, ▮▮▮▮▮ (collectively, the "Third Party Providers"), shall disable and cease displaying any listings, advertisements, or sales channels used by or associated with Defendants in connection with the infringing use of Plaintiff's copyrighted works;

3. As a direct and proximate result of Defendants' infringement of Plaintiff's copyright, Plaintiff be awarded damages pursuant to 17 U.S.C. § 504, including Defendants' profits attributable to the infringement;

4. Alternatively, and at Plaintiff's election, prior to entry of final judgment, Plaintiff be awarded statutory damages as provided by law pursuant to 17 U.S.C. § 504(c), including enhanced damages for willful infringement;

5. That Plaintiff recover its reasonable attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment and post-judgment interest as permitted by law; and

7. That the Court award such other and further relief as it deems just and proper.

Dated: February 6, 2026

*Marjorie Ouyang*

Respectfully submitted
By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@valleysummit
law.com
*Attorney for Plaintiff*