# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Changzhou Yichen Trading Co., Ltd, | Case No. 1:26-cv-00558 |
| Plaintiff, | |
| v. | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Judge Sunil R. Harjani |
| Defendants. | |

## TEMPORARY RESTRAINING ORDER

THIS CAUSE being before the Court on Plaintiff Changzhou Yichen Trading Co., Ltd.'s ("Plaintiff") Renewed *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery against the Defendant, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendant because Defendant has purposefully directed their business activities toward consumers in the United States, including Illinois. Specifically, Defendant has operated fully interactive e-commerce storefronts targeting United States consumers, offered shipping to the United States including Illinois, accepted payment in U.S. dollars and funds from U.S. financial institutions, and have sold products bearing unauthorized copies of Plaintiff's copyrighted product photographs to residents of Illinois.

This Court further finds that issuance of this Order without notice pursuant to Federal Rule of Civil Procedure 65(b)(1) is appropriate because Plaintiff has presented specific facts and supporting evidence demonstrating that immediate and irreparable injury, loss, or damage will result before Defendant can be heard in opposition. Absent *ex parte* relief, Defendant could and likely would transfer assets to offshore accounts beyond the jurisdiction of this Court. Accordingly, this Court orders that:

1.  Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert or participation with them, are temporarily enjoined and restrained from:

    a.  reproducing, copying, distributing, making derivative works of, or publicly displaying Plaintiff's copyrighted works protected under U.S. Copyright Registration No. VAu 1-527-865 without Plaintiff's express authorization;

    b.  marketing, advertising, offering for sale, selling, or distributing any products using that is not a genuine product of Plaintiff's or not authorized by Plaintiff to be sold in connection with the Plaintiff's Copyright;

    c.  passing off, inducing, or enabling others to pass off any product as a genuine Plaintiff's product that is not produced under the authorization, control, or supervision of Plaintiff nor approved by Plaintiff for sale using Plaintiff's Copyright;

    d.  committing any acts calculated to cause consumers to believe that Defendant's Counterfeit Products are sold under the authorization, control,

2

or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further damaging Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring, returning, or otherwise disposing of any infringing products bearing Plaintiff's copyrighted works.

2. Upon Plaintiff's request, online marketplace platforms and payment service providers, including but not limited to Amazon, PayPal, Amazon Pay, Alipay, and other third-party processors, having actual notice of this Order, shall within seven (7) calendar days provide Plaintiff with expedited discovery sufficient to identify:

a. the identity and location of Defendant, its affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendant's operations, including all associated sales activity, methods of payment, and financial information, without limitation, identifying information associated with online marketplace platforms, Defendant's financial accounts, and a complete accounting of Defendant's sales and listing history relating to the infringing products; and

c. any financial accounts owned or controlled by Defendant, including those of its affiliates, officers, agents, servants, employees, attorneys,

confederates, and any persons acting in concert or participation with them, including accounts maintained by or under the control of any banks, savings and loan associations, payment processors, or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Amazon Pay, and other merchant account providers, payment providers, third-party processors, and credit card associations (e.g., MasterCard and Visa).

3. Upon Plaintiff's request, any online marketplace platform having notice of the Order shall, within seven (7) calendar days after receiving such notice, disable and cease displaying any advertisements, listings, or storefronts used by or associated with Defendant in connection with the sale of counterfeit and infringing goods bearing Plaintiff's copyrighted work.

4. Defendant shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

5. Any Third-Party Providers, including PayPal, Alipay, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a. locate and identify all accounts and funds connected to Defendant, including but not limited to any accounts associated with Defendant's e-commerce operations, seller accounts, merchant accounts, payment accounts, and any e-mail addresses or identifying information used by or associated with Defendant; and

   b. restrain and enjoin any such accounts or funds from transferring or

disposing of any money or other assets of Defendant until further order of this Court.

6.  Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to:

    a.  the identities and locations of Defendant, its affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including all associated e-mail addresses; and

    b.  the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendant's Amazon store and Defendant's financial accounts, as well as providing a full accounting of Defendant's sales and listing history related to Amazon.

7.  Within five (5) calendar days of entry of this Order, Plaintiff shall deposit with the Court $10,000, either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

8.  Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9.      This Temporary Restraining Order without notice is entered at 2:30 p.m. on this 25th day of March 2026 and shall remain in effect for fourteen (14) days. Any motion to extend the TRO shall be filed by April 1, 2026

_____

Sunil R. Harjani
United States District Judge